# IN THE UNITED STATES BANKRUPTCY COURT, DISTRICT OF PUERTO RICO

IN RE: **LUIS AURELIO MARTORELL CARDONA**  Bankruptcy Number: **12-09064-MCF**
**Chapter 13**

## STANDING CHAPTER 13 TRUSTEE §341 MEETING MINUTES AND REPORT ON CONFIRMATION

Petition Filing Date: **11/13/2012**  First Meeting Date: **12/14/2012 at 8:00AM**
Days From Petition Date: **56**  341 Meeting Date: **01/08/2013 at 8:00AM**
910 Days Before Petition: **05/18/2010**  Confirmation Hearing Date: **01/11/2013 at 1:30PM**
Chapter 13 Plan Date: **12/27/2012** ☐ Amended  Plan Base: **$468,900.00**  Plan Docket # **29**
This is Debtor(s) **2** Bankruptcy petition.  This is the **2** scheduled meeting.
Payment(s) ☒ Received or ☐ Evidence shown at meeting:  Total Paid In: **$1,000.00**
Check/MO# _____
Date: _____  Amount: $ _____

## I. Appearances:  ☐ Telephone  ☐ Video Conference

Debtor: ☒ Present ☐ Absent ☒ ID & Soc. OK   Joint Debtor: ☐ Present ☐ Absent ☐ ID & Soc. OK

☒ Examined  ☐ Not Examined under Oath   ☐ Examined  ☐ Not Examined under Oath

Attorney for Debtor(s): ☐ Not Present ☒ Present  Name of Attorney Present: **L. Rodriguez** ☐ Pro-se
☒ Creditor(s) Present  ☐ None  (Other than Attorney of Record)

Morales Rep. Oriental Bank and Trust
Melchor First Bank

## II. Attorney Fees as per R 2016(b) Statement:  Attorney of Record: **ALMEIDA & DAVILA PSC***

Total Agreed: **$3,000.00**  Paid Pre-Petition: **$2,000.00**  Outstanding (Through the Plan): **$1,000.00**

## III. Trustee will file Motion to Dismiss:  ☐ For Failure to Appear  ☐ For Failure to Commence Payments

## IV. Trustee's Report on Confirmation & Status of §341 Meeting

Debtor(s) Income is (are) ☐ Under ☒ Above Median Income   Liquidation Value: $ **47,761.00**

Commitment Period is ☐ 36 months ☒ 60 months §1325(b)(1)(B)   Projected Disp. Inc.: $ **0.00**

The Trustee:  ☐ NOT OBJECTS  ☒ OBJECTS   Plan Confirmation   Gen. Uns. Approx. Dist.: **35.16** %
§341 Meeting  ☐ CONTINUED  ☐ NOT HELD  ☒ CLOSED  ☐ HELD OPEN FOR ___ DAYS
§341 Meeting Rescheduled for: _____
Comments:

## V. Trustee's OBJECTIONS to Confirmation:

[1325(a)(1)] Self-employed Business Debtor - Failure to comply with her/his/their duties. [11 U.S.C.1302(b), 704(a)(2)-(7), and 704(a)(9)]

Debtor has failed to submit and or file MORs (2 businesses), Tax Returns (personal and IRS), municipal patents, CRIM tax returns, FUTA and FICA forms, etc.

[1325(a)(6)] Feasibility – Debtor(s) does not has/have the capacity to make proposed plan payments.

ebtor is now going to be making $8,000.00 a month, versus the listed $31,279.51.

[1325(b)(1)(B)] Projected Disposable Income – Debtor(s) fails to apply projected disposable income, to be received during applicable commitment period, to make payments to unsecured creditors under the plan. [1322(a)(1)]

* Unreasonable or unwarranted expenses.

Debtor's plan does not pay 100% to unsecured creditors, however, he intends to retain a second home that he does not live and that is encumbered by a mortgage with a monthly payment of $2,300.00/month, however, the totality of the debt is already due $454,476.00 as per Allied's proof of claim.

## VI. Other Comments / Objections

1. The plan fails to include treatment for IRS' secured claim no. 5 ($32,397.33).
2. Debtor will file an adversary proceeding against Allied Financial (cram down). The sufficiency of the plan depends on the amount that Debtor must pay Allied Financial through the plan. The plan will not be ready for confirmation until that issue has been resolved.
3. The Trustee objects Debtor's retention of his second home (located at Las Gaviotas, Fajardo, Puerto Rico). At the moment it owes, $458,000.00 (already due). It is not being lived by Debtor and it is not being rented.
4. Trustee to verify business documents that were filed on Friday, January 4, 2013 at 5:38 p.m. The Trustee has not been able to verify said documents at the present time.
5. Debtor failed to include BPPR account in Schedule B. Debtor must submit bank statements for said account for the past 6 months.
6. Debtor will amend Schedule B in order to increase the value of art work from Antonio Martorell to $3,000.00 as per his testimony at the 341 Meeting.
7. Debtor will verify Schedule C in order to include d2 exemption.
8. Debtor used to operate a restaurant as a DBA. Said business has been incorporated, and he now has a salary. Schedules I and J must be amended.
9. Debtor has failed to submit proyections in order to estabilsh how he will be able to make the payments as proposed. (Debtor's plan includes step ups that depend on how he is able to organize his businesses.).
10. First Bank requests concurrent payments with the payment of ORIENTAL's claim.

/s/ Jose R. Carrion, Esq.        /s/ NANNETTE M. GODREAU, Esq.        Meeting Date: 01/08/2013

    Trustee                                   Presiding Officer